14-0328-cr
United States v. McDonald

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee,*


             v.                                      14-0328-cr

BRENT McDONALD,

                    *Defendant-Appellant*.
_____

Appearing for Defendant-Appellant: Elizabeth D. Mann, Tepper Dardeck Levins & Mann, LLP, Rutland, VT.

Appearing for Appellee:          Barbara A. Masterson and Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney, District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Brent McDonald appeals from a January 30, 2014 judgment of the United States District Court for the District of Vermont (Murtha, *J.*) imposing a sentence of 151 months imprisonment and a three-year term of supervised release after McDonald pleaded guilty to three counts of distribution of cocaine base and one count of possession with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). We review the district court's sentence under a "deferential abuse-of-discretion standard." *Id*. at 189 (internal quotation marks omitted). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id*. "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190.

In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190 (internal citation omitted). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" but "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. at 189 (internal quotation marks and emphasis omitted).

The district court sentenced McDonald to 151 months' imprisonment, at the low end of the applicable Guidelines range. While we have declined to adopt a *per se* rule, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

McDonald nevertheless contends that his sentence, incorporating the career offender enhancement, is substantively unreasonable because it overstates the seriousness of his criminal conduct and is unnecessarily harsh in light of his advanced age, drug addiction, and terminal illness. Here, the record indicates that the district court considered and rejected these arguments, concluding that the sentence was warranted under the Section 3553(a) factors. The district court found that the career offender enhancement was appropriate in light of McDonald's lengthy criminal history and his decision to engage in criminal conduct while on supervised release for previous convictions. Similarly, the district court considered McDonald's age, addiction, and illness in imposing its sentence, apparently concluding that these factors were insufficient to compel a more lenient penalty. While a sentence of 151 months for McDonald's most recent criminal conduct is certainly severe, on the present record, we cannot conclude that "the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

To the extent McDonald argues that he was improperly *categorized* as a career offender because the two predicate offenses underlying this enhancement should not have been counted separately, this challenge sounds in procedural error. *See Cavera*, 550 F.3d at 188 (2d Cir. 2008) ("A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation."). Nevertheless, we find no procedural error here in application of the career offender enhancement. Prior sentences are separate from each other if the offenses "were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). Here, the police arrested McDonald for the conduct underlying his 2006 federal court conviction on October 3, 2004. McDonald then engaged in the conduct underlying his 2006 state court conviction on October 20, 2005 and December 1, 2005, and was separately arrested for these actions on December 1, 2005. Accordingly, even though the sentences for these two convictions ran concurrently, because "the [D]efendant [was] arrested for the first offense prior to committing the second offense," *id.*, the district court appropriately counted these offenses separately for purposes of the career offender enhancement.

We have considered the remainder of McDonald's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3